**FILED**

**October 25, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.M., A.M., and J.C.-1**

**No. 22-871** (Hampshire County CC-14-2021-JA-45, CC-14-2021-JA-47, and CC-14-2021-JA-48)

**MEMORANDUM DECISION**

Petitioner Mother M.C.[1] appeals the Circuit Court of Hampshire County's October 28, 2022, order terminating her parental rights to G.M., A.M., and J.C.-1[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2021, the DHHR filed an abuse and neglect petition alleging that petitioner exposed her children to illicit substance use and domestic violence in their home between her and J.C.-2, the father of J.C.-1. Initially, the children were permitted to remain in the home. However, the DHHR filed an amended petition after a caseworker observed drug paraphernalia in the home and petitioner missed court-ordered drug screening. At the adjudicatory hearing held in June 2021, the court accepted written stipulations from petitioner and, thus, adjudicated her as "an abusive and/or neglectful parent." Additionally, the court granted petitioner's motion for a post-adjudicatory improvement period by order entered June 10, 2021.

Initially, petitioner and J.C.-2 informed the circuit court and the multidisciplinary team that they intended to remain a couple. The family case plan included drug testing, substance abuse treatment, couples counseling, individual counseling, parenting classes, and supervised visitations. The multidisciplinary team encouraged both petitioner and J.C.-2 to attend inpatient drug treatment, but both declined, participating in outpatient services instead. At a hearing held in

---

[1]Petitioner appears by counsel Grant M. Sherman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Julie A. Frazer appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one child shares initials with his father, they will be referred to as J.C.-1 and J.C.-2, respectively.

1

December 2021, the circuit court was advised that both petitioner and J.C.-2 were participating in services, and the DHHR and the guardian did not object to an extension of their improvement periods. Subsequently, the circuit court granted a three-month extension of their improvement periods and continued the matter for another hearing in January 2022.

At the January hearing, the circuit court was advised that supervised visitation was suspended after positive drug results from petitioner and J.C.-2. The DHHR then filed motions to terminate the improvement periods of both petitioner and J.C.-2, citing several positive drug screens from J.C.-2 and one positive screen from petitioner. However, at the hearing held on the motions, the DHHR informed the court that they would only proceed with the motion to terminate J.C.-2's improvement period after learning that petitioner ended her relationship with J.C.-2 and left his home. By order entered June 2, 2022, the circuit court granted a dispositional improvement period for petitioner based upon the substantial change of circumstances in regard to petitioner's relationship and living arrangement. At the same hearing, the court terminated J.C.-2's parental rights to J.C.-1.

In August 2022, the DHHR filed a motion to terminate petitioner's parental rights, stating that petitioner had recently tested positive for alcohol once in July 2022, and positive for methamphetamines once in July 2022, and once in August 2022. The circuit court held two disposition hearings in September 2022 and October 2022. The court received testimony that, despite completing parenting and adult life skills classes and participating in supervised visitations, petitioner tested positive for illicit substances five times and tested positive for alcohol once between May 2022 and August 2022. Petitioner denied the use of illicit substances during that time frame. Although petitioner testified that she and J.C.-2 were separated, she also testified that they were still married and "trying to figure out what to do," that they talk multiple times a week, and that they still have a sexual relationship.

The circuit court found that there was no reasonable likelihood that the conditions giving rise to the abuse and neglect in this matter could be substantially corrected in the near future because, after fourteen months of services, the conditions had not been remedied. The court also found that termination of petitioner's parental rights to G.M., A.M., and J.C.-1 was in the best interests of the children. Consequently, the court terminated petitioner's parental rights by order entered on October 28, 2022.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that she was in substantial compliance with the terms of her case plan and that she was relieved of the case plan requirements of couples counseling and building a healthy relationship with J.C.-2 because she represented that they were separated. However, petitioner's own testimony revealed that the two were still in frequent contact multiple times a week and still continued a sexual relationship. The circuit court concluded that petitioner's statement that she and J.C.-2 were separated was not credible. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing

---

[3]The permanency plan for G.M. and A.M. is reunification with their father. The permanency plan for J.C.-1 is adoption in his current placement.

2

court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Petitioner fails to address how she substantially complied with the requirements of her case plan while still testing positive for illicit substances, continuing her relationship with J.C.-2, and failing to maintain her sobriety and gain insight on how her addiction affects her children.

Additionally, petitioner argues that the circuit court erred by not considering less restrictive alternatives to termination of parental rights. We have previously held that termination of parental rights may be employed "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has not "responded to or followed through with a reasonable family case plan." Here, the circuit court found that petitioner did not follow through with the reasonable family case plan, and this finding is supported by the record. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights, as the court made the necessary findings upon ample evidence. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 28, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn